## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**KIRK A. JONES, No. 0011878**

        Petitioner,

v.                                                                       **Case No. 2:19-cv-520**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

        Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Kirk Jones's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 7. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 7, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### I.      FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2017, Petitioner was convicted of possession of a firearm by a convicted felon in the Circuit Court of the City of Hampton ("the Trial Court"). ECF No. 1 at 1; ECF No. 9

1

at 1. The Trial Court entered its judgment on that same day, October 3, 2017, and sentenced

Petitioner to five years imprisonment. *Id.*

Petitioner appealed to the Court of Appeals of Virginia, alleging that (1) the Trial Court

erred in denying his motion to strike the charge of possession of a firearm after having been

convicted of a felony because the Commonwealth's evidence "failed to show actual or constructive

possession or an exercise of dominion and control" and because "the certified copy of

[Petitioner's] prior felony conviction failed to include an end of term order sheet," and (2) the

Trial Court erred in overruling [Petitioner's] objection to Jury Instruction No. 10 "regarding the

statutory prohibition of testimony by a magistrate." *Id.* at 4. The factual findings of the Court of

Appeals of Virginia provide the following summary of the evidence presented at the Trial Court:

> On July 21, 2016, at 3:00 a.m., Officer Williams saw appellant asleep while seated
> in the driver's seat of a vehicle stopped at a traffic light. The vehicle was "in gear."
> Williams knocked on the windows of [Jones's] vehicle, and when [Jones] awoke,
> he looked at Williams, then he drove away. Williams activated his lights and siren,
> and he pursued [Jones] for three or four blocks before [Jones} stopped.
>
> Williams approached [Jones's] vehicle on the driver's side. Williams testified that
> [Jones] "seemed a bit nervous," and that [Jones] "kept moving his hands." Williams
> also stated that [Jones] "shuffle[d] his feet, mostly his right leg." Williams noticed
> that [Jones's] eyes were glassy, his speech slurred, and there was an odor of alcohol
> coming from [Jones's] person, so Williams ordered [Jones] to exit the vehicle. After
> twenty to thirty minutes, Williams placed [Jones] in the back seat of his patrol
> vehicle because he suspected that [Jones] had been driving under the influence.
> Williams conducted an inventory search of [Jones's] vehicle, and he found a loaded
> handgun under the front of the driver's seat.
>
> Williams drove [Jones] to the magistrate's office. Williams testified that [Jones]
> stated before the magistrate that he 'carries a gun because he witnessed his cousin
> be killed in front of him." Williams testified that [Jones] was advised that the
> statement could be used in court against him. Williams "was unaware" that he could
> have included [Jones's] statement to the magistrate in his police report because
> Williams believed that statements made before the magistrate were "confidential."
> At [Jones's] preliminary hearing, Williams told the prosecutor about [Jones's]
> statement, and Williams later added the statement as a supplement to his report
> about the incident.

> On cross-examination, [Jones's] counsel asked Williams, "As far as you know, the magistrate is not here to testify to that, is he?" In addition, in his opening statement, [Jones's] counsel referred to the statement that [Jones] made to the magistrate, state, "[T]he magistrate is not here to testify to that. Why not bring the magistrate? The magistrate is not here to testify to that."

ECF No. 9, attach. 1 at 1-2.

On June 13, 2018, the Court of Appeals of Virginia denied Petitioner's appeal. *Id.* at 1. The Court rejected Petitioner's argument that the Commonwealth's evidence "failed to show actual or constructive possession" because Petitioner failed to preserve the issue at trial. *Id.* at 4. Additionally, the Court of Appeals of Virginia rejected Petitioner's argument that the motion to strike should be granted because the Commonwealth had failed to include an end of term sheet. *Id.* at 5.  The Court reasoned that because the prior orders were authenticated by the judges' signatures pursuant to Code § 17.1-123(A)(i), the Commonwealth was not required to *also* produce an end of term order. *Id.* at 5.  Lastly, the Court rejected Petitioner's contention that the jury instruction should have been struck, reasoning that the Trial Court did not abuse its discretion in giving Jury Instruction No. 10. *Id.* at 6-7.  The Court of appeals again denied Petitioner's appeal on August 23, 2018. *Id.* at 1.  Petitioner then appealed to the Supreme Court of Virginia, which refused his appeal on May 16, 2019. ECF No. 9, attach 2.

Petitioner filed the instant *pro se* § 2254 Petition for federal habeas relief, ECF No. 1, on September 27, 2019, raising a single claim for ineffective assistance of counsel. ECF No. 1 at 1, 5. On January 3, 2020, Respondent filed a Motion to Dismiss, a Rule 5 Answer, and a *Roseboro* notice. *See* ECF Nos. 7-10.  Petitioner did not file a response to Respondent's Motion to Dismiss, and the time to do so has now expired.[1] *See* ECF No. 12.  Therefore, the instant Petition and

---

[1] On December 5, 2019, the Court issued an Order, ECF No. 4, directing Respondent to respond to Petitioner's habeas petition. A copy of that order was mailed to Petitioner, but returned to the Court as "Not Deliverable As Addressed. Unable to Forward." ECF No. 11. The address on file with the Court indicates—and has always indicated—that Petitioner is housed at the Hampton Roads Regional Jail.  On April 2, 2020, the Virginia's Inmate Locator system

Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

### A. Exhaustion

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition. Section 2254 allows a prisoner held in state custody to challenge detention on the grounds that their custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing[.]" *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997),

---

indicated Petitioner was, as of that date, housed at Virginia Peninsula Regional Jail. ECF No. 12 at 2. Additionally, the Petition notes that Petitioner had a pending case in Suffolk County Circuit Court. ECF No. 1 at 13. According to the Suffolk Circuit Court's on-line system, a transportation order was issued for Petitioner at the Virginia Peninsula Regional Jail. ECF No. 12. Accordingly, on April 2, 2020, the Court issued an Order directing the Clerk to mail a copy of the December 5, 2019 Order directing Respondent to respond to the Petition (ECF No. 4), and a copy of the April 2, 2020 Order (ECF No. 12) to Petitioner at the Virginia Peninsula Regional Jail. ECF No. 12. The December 5, 2019 Order informed Petitioner that "if he does not reply to the answer and any motion to dismiss, and send a complete copy of his reply to counsel for respondent, the Court will decide the petition on the papers already filed by petitioner and counsel for respondent. A decision favoring the respondent would result in dismissal of petitioner's section 2254 petition." ECF No. 4 at 2. The December 5, 2019 Order also advised that Petitioner "must immediately advise the Court of his new address in the event he is transferred, released, or otherwise relocated while the action is pending. FAILURE TO DO SO MAY RESULT IN DISMISSAL OF THE ACTION." ECF No. 4 at 3. The April 2, 2020 Order also directed Respondent to mail a copy of his Motion to Dismiss, Rule 5 Answer, Brief in Support of the Motion to Dismiss, and Roseboro Notice (ECF Nos. 7-10) to Petitioner at Virginia Peninsula Regional Jail. ECF No. 12. The April 2, 2020 Order again advised that "Petitioner is responsible to immediately advise the Court of any new address in the event he is transferred, released or otherwise relocated while the action is pending." ECF No. 12 at 2. The Court also advised that "notwithstanding his failure to advise the Court of a current mailing address, the Court will permit [Petitioner] an opportunity to respond to the Motion to Dismiss." *Id.* Finally, the Court again advised Petitioner that failure to keep the Court apprised of any change of address may result in dismissal of the action. *Id.* at 3. The April 2, 2020 mailing to the Virginia Peninsula Regional Jail, which included the December 5, 2019 and April 2, 2020 Orders (ECF Nos. 4, 12), was NOT returned to the Clerk as undeliverable. As of July 1, 2020, the date of this Report and Recommendation, the Virginia Peninsula Regional Jail lists the Petitioner as an inmate.

4

*overruled on other grounds by United States v. Barnette*, 644 F.3d 192, 205 (4th Cir. 2011)). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618 (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994), *cert. denied*, 1997 U.S. LEXIS 6894 (1994)). To satisfy the exhaustion requirement, two conditions must be met: (1) the prisoner must seek review of his claim in the highest state court with jurisdiction to consider it through direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); and (2) the "essential legal theories and factual allegations advanced in the federal court [must be] the same as those advanced at least once in the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Clanton v. Muncy*, 845 F.2d 1238, 1241 (4th Cir. 1988); *Wise v. Warden*, 839 F.2d 1030, 1033-34 (4th Cir. 1988); *Daye v. Attorney Gen.*, 696 F.2d 186 (2d Cir. 1982)). Here, Petitioner appealed his conviction to the Court of Appeals of Virginia, ECF No. 9, attach. 1, and to the Virginia Supreme Court, ECF No. 9, attach. 2. However, the instant Petition raises a claim that Petitioner did not raise during his direct appeal. *See* ECF No. 1; ECF No. 9, attachs. 1, 2. Petitioner now alleges ineffective assistance of counsel, stating:

> The only evidence against the petitioner was the statement made by a police officer, that was not in his police report or his police summary. The counselor was ask[ed] to file a motion to suppress and replied by letter that he would but then turn[ed] around several week[]s later and s[ai]d he could not file the motion with no explanation. Thus allowing the evidence to be enter[ed] into trial by which he was found guilty.

ECF No. 1 at 5. Petitioner has not sought habeas relief in the Supreme Court of Virginia through a Petition for Writ of Habeas Corpus with respect to this claim. ECF No. 1 at 3; ECF No. 9 at 2. Therefore, this Court must decline to reach the merits of the Petition until the state courts have been afforded an opportunity to consider Petitioner's claims. *Picard v. Connor*, 404 U.S. 270

(1971) (observing that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus"); *Strader v. Allsbrook*, 656 F.2d 67 (4th Cir. 1981) (declining to reach the merits of the state habeas petitioner's claims before affording the state courts full opportunity to consider the petitioner's contentions).

Therefore, the undersigned **FINDS** that Petitioner has not satisfied the exhaustion prerequisite to pursuing federal habeas relief because his claim has not been presented to the highest state court, here, the Supreme Court of Virginia. *See Smith v. Atty. Gen. of Va.*, No. 2:09CV513, 2010 WL 3003514, at *4 (E.D. Va. June 8, 2010), *report and recommendation adopted sub nom. Smith v. Sheriff of City of Richmond*, No. 2:09CV513, 2010 WL 3003449 (E.D. Va. July 29, 2010) ("A petitioner's claims are exhausted if 'both the operative facts and the controlling legal principles' . . . have been presented 'at least once to the highest state court.'") (citing *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192, 205 (4th Cir. 2011)); *Pruett v. Thompson*, 771 F.Supp. 1428, 1436 (E.D.Va.1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993)) (internal citations omitted). "Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings." *Smith*, No. 2:09CV513, 2010 WL 3003514, at *4 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997)). Because Petitioner has failed to file a petition in state court, a federal court ruling would deny the state court a full and fair opportunity to consider Petitioner's claims. *See O'Sullivan*, 526 U.S. at 845 (explaining that the purpose of the exhaustion doctrine is "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). Therefore, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 7, be **GRANTED**.

## V. RECOMMENDATIONS & CONCLUSIONS

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 7, be **GRANTED;** and the Petition, ECF No. 1 be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

## VI. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn,* 474 U.S. 140 (1985); *Carr v. Hutto,* 737 F.2d 433 (4th Cir. 1984), *cert. denied,* 474 U.S. 1019 (1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

7

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 1, 2020

8